UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAUN PETER DAVIE,

       Petitioner,

    v.

BRIAN ENGLISH,

       Respondent.

CAUSE NO. 3:26cv168 DRL-SJF

<u>OPINION AND ORDER</u>

Immigration detainee Shaun Peter Davie filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is confined by United States Immigration and Customs Enforcement (ICE) in violation of the laws or Constitution of the United States. The Warden answered the petition, and Mr. Davie filed a reply. For the following reasons, the court denies the petition.

Mr. Davie is a 57-year-old citizen of the United Kingdom who came to the United Sates in 1969 as an infant on a B2 tourist visa. At age 2, his status was adjusted to that of a P22 lawful permanent resident, a status available to an unmarried child of a lawful permanent resident. In 2006, Mr. Davie was convicted on state charges for the manufacture, sale, and possession of a controlled substance and sentenced to a five-year suspended sentence, with five years of probation. In 2009, Mr. Davie was convicted in federal court of drug and gun charges and sentenced to a total of 20 years in prison.

Upon his release from federal custody, he was taken into ICE custody and served with a notice to appear on June 27, 2025, charging him with being removable under 8 U.S.C.

§ 1227(a)(2)(A)(iii) based on an aggravated felony conviction [9-1]. On July 16, 2025, an immigration judge ordered him removed to the United Kingdom. He waived his right to appeal.

Mr. Davie filed this habeas petition in February 2026 from Miami Correctional Facility, where he is currently detained, arguing that his continued detention is unreasonable because he has been detained for more than 180 days post-removal-order and his removal is not reasonably foreseeable. He alleges his removal is not reasonably foreseeable because the United Kingdom has not issued travel documents after three requests by ICE.

In answering the petition, the Warden (through his federal counsel) provides an affidavit from an Acting Supervisory Detention and Deportation officer describing the steps ICE Enforcement and Removal Operations (ERO) has taken to acquire a travel document to effectuate Mr. Davie's removal [9-2]. First, on July 24, 2025, a travel document request was submitted on paper to the British Consulate. Following further instruction by the British Consulate, an electronic request was submitted on September 30, 2025. An emergency travel document request was resubmitted to the British Consulate on February 4, 2026, and Mr. Davie was interviewed by an official with the British Consulate on April 1, 2026, in relation to the travel document requests. The officer attests that once a travel document is issued for Mr. Davie, he can be expeditiously removed from the United States by either commercial air or an ICE initiated charter.

In reply, Mr. Davie asserts that the multiple unsuccessful attempts ICE has made to obtain travel documents over the past many months demonstrates that travel documents

are not forthcoming. He argues his removal is not reasonably foreseeable. He asks to be released.

The Warden first argues that this court lacks subject matter jurisdiction to consider the petition based on 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 2-3 (N.D. Ind. Mar. 26, 2026); *see also Clark v. Suarez Martinez*, 543 U.S. 371, 378 (2005); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Vu v. English*, No. 3:25cv999, 2026 WL 194171, 2-3 (N.D. Ind. Jan. 26, 2026) (discussing § 1252(b)(9) and § 1252(g)); *Kem v. Noem*, No. 3:25cv997, 2026 WL 100566, 1-2 (N.D. Ind. Jan. 14, 2026) (discussing § 1252(g)).

Turning to the merits, the court follows the analysis set forth in *Zadvydas*. By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. §§ 1231(a)(1), (a)(2). This removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B). Mr. Davie's removal period began on July 16, 2025, when an immigration judge ordered him removed and he waived his right to appeal. 8 C.F.R. § 1241.1(b). It ended October 14, 2025.

Beyond this 90-day period, certain classes of noncitizens may be detained even longer—what the statute calls inadmissible aliens (under 8 U.S.C. § 1182), those who have violated their nonimmigrant status conditions (under 8 U.S.C. § 1227(a)(1)(C)), those who

have committed certain crimes, such as aggravated felonies, drug trafficking, or illegal firearm offenses (under 8 U.S.C. § 1227(a)(2)), those removable for national security or foreign relations reasons (under 8 U.S.C. § 1227(a)(4)), and those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal. These noncitizens "may be detained beyond the removal period" or released on conditions of supervision. 8 U.S.C. § 1231(a)(6).[1] No one contests that Mr. Davie's criminal convictions allow him to be detained beyond the removal period.

"The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law," and "once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. To avoid a constitutional due process problem with § 1231(a)(6), including for a noncitizen who remains in the country after being ordered removed, the law requires that his detention be limited to a reasonable time—namely "a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689; *see also id.* at 682, 690-91. The law materially defers this difficult judgment to the Executive Branch for a total six-month period, as detention then is considered presumptively reasonable to execute a removal order. *Id.* at 700-01. This period for Mr. Davie ended approximately January 16, 2026.

---

[1] For noncitizens who don't fall in these categories, if they are not removed during the 90-day removal period, they must be released, subject to conditions of supervision. 8 U.S.C. § 1231(a)(3).

The court has the authority to review a noncitizen's detention and to decide independently whether "a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." *Id.* at 699; *see also* 28 U.S.C. § 2241(c)(3). "In answering that basic question, the habeas court must ask whether detention exceeds a period reasonably necessary to secure removal" and "should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. In this, the court listens with care when the government's "foreign policy judgments" — such as the status of repatriation negotiations — are implicated and otherwise affords "appropriate leeway when its judgments rest upon foreign policy expertise." *Id.* at 700. When removal proves reasonably foreseeable, the court can consider other factors (such as risk of crime) and often will deny habeas relief; whereas, when removal seems attenuated or unlikely, the court will order the individual's release, albeit conditioned on appropriate terms of supervision and the noncitizen's compliance with these terms. *See id.* at 699-700.

The petitioner bears the initial burden. *See* 28 U.S.C. § 2241; *Zadvydas*, 533 U.S. at 700; *see also Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). If he "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701 (cleaned up); *see also Suarez Martinez*, 543 U.S. at 385-86.

Mr. Davie's detention has passed the six-month presumptively reasonable period of detention, so the inquiry turns to whether he has provided good reason to believe his

removal is not significantly likely in the reasonably foreseeable future. He need not show that deportation is "impossible" or prove "the absence of *any* prospect of removal," *Zadvydas*, 533 U.S. at 702, yet he must typically offer something more than the mere passage of time. Though Congress may have "doubted the constitutionality of detention for more than six months," the passing of this presumptive six-month period "does not mean that every alien not removed must be released." *Id.* at 701. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process"). That said, as the period of confinement grows, what qualifies as a reasonably foreseeable future conversely must shrink. *Zadvydas*, 533 U.S. at 701.

Here, even if Mr. Davie met his initial burden to show removal is not reasonably foreseeable (a real question), the Warden rebutted it with the additional activity that has taken place since Mr. Davie filed his habeas petition. Specifically, the interview with the official from the British Consulate on April 2, 2026 suggests that action is being taken on the travel document request and the British Consulate likely will soon make a decision about whether to issue a travel document. On this record, Mr. Davie's removal remains reasonably foreseeable.

Mr. Davie additionally argues that his detention is unlawful because ICE failed to follow its own regulations regarding a 180-day post-order custody review. *See* 8 C.F.R. § 241.4(k). To the extent this amounts to a regulatory violation, it is harmless. The regulations provide that this review "will ordinarily be conducted at the expiration of the

three-month period after the 90-day review or as soon thereafter as practicable." 8 C.F.R. § 241.4(k)(2)(ii). In his reply, Mr. Davie states that a custody review was scheduled for May 5, 2026. Though this review may be occurring late, there is no indication that Mr. Davie was harmed by the delay, or that he has not in fact received it now.

For these reasons, the court DENIES the petition (ECF 1) and DIRECTS the clerk to close this case.

SO ORDERED.

May 11, 2026                    _s/ Damon R. Leichty_
                               Judge, United States District Court